Rhonda K. Wood, Justice, dissenting.
I dissent. Given Judge Pope's prior dealings with Isom, he should have recused from the error coram nobis matter. As Justice Hart sets out more fully in her dissenting opinion, Prosecutor Pope's request to the governor to annul the parole board's decision to parole Isom was extraordinary. I do not find anything inappropriate in this act but considering it in totality with the history between Judge Pope and Isom, there is at least an appearance of bias in this matter. Every defendant is entitled to an impartial tribunal.
Isom has been sentenced to death. Whether his error coram nobis petition succeeded ultimately depended on the number of close discretionary decisions made by Judge Pope, especially those pertaining to Ms. Lawson's attempted identification of Isom at the hospital, the officers' testimony concerning the scissors, and the scope of discovery afforded Isom. Notably, each of these decisions weighed against Isom when the witnesses' testimony appeared to be inexplicably inconsistent. It is unimaginable how Isom's counsel was expected to present his case with the limited discovery obtained as each witness took the stand.
We give great deference to the circuit court in an error coram nobis hearing, and we review a circuit court's factual findings only for clear error. Cloird v. State , 357 Ark. 446, 182 S.W.3d 477 (2004). The circuit court determines the credibility of witnesses, resolves conflicts and inconsistencies in testimony, and assesses the weight to be given the evidence in an error coram nobis hearing. However, it is difficult to afford the circuit court the deference our law requires given the extensive history between Judge Pope and Isom. Consequently, we should remand for a new error coram nobis hearing to be held by a different circuit court judge. Therefore, I believe justice compels reversal.
Hart, J., joins in this opinion.